# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

MOTION UNDER 28 U.S.C. SECTION 2255,
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 3 2022
CLERK, U.S. DISTRICT COURT
MW
Deputy

UNITED STATES OF AMERICA

vs.

__Judith Codd Calzadilla__
MOVANT (full name of movant)

__FMC Carswell__
PLACE OF CONFINEMENT

__59207-177__
PRISONER ID NUMBER

__4:19-CR-302-P__
CRIMINAL CASE NUMBER

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

---

## INSTRUCTIONS - READ CAREFULLY 

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities needs to be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

# MOTION

1. Name and location of court that entered the judgment of conviction you are challenging:

   Northern District of Texas - 5th Circuit Forth Worth, TX

2. Date of the judgment of conviction:

   June 10, 2020

3. Length of sentence: 48 Months

4. Nature of offense involved (all counts):

   Use of a Communication Facility in Causing or Facilitating the Commission of a Felony Under the controlled Substance Act

5. (a) What was your plea? (Check one)

   Not guilty ☐    Guilty ☑    Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge Only ☐
7. Did you testify at the trial? (Check one)   Yes ☐   No ☐
8. Did you appeal from the judgment of conviction? (Check one)   Yes ☐   No ☐
9. If you did appeal, answer the following:

   Name of Court: United States Court of Appeals

   Result: Dismissed w/o Predjudice

   Date of result: 5-28-21

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☑   No ☐

11. If your answer to 10 was "Yes" give the following information:

    Name of Court: Northern District of Texas

    Nature of proceeding:

    > I filed a 2255 that was dismissed due to pending appeal.

    Grounds raised:

    > Same as this motion, to best of my knowledge but I have no copies due to covid

    Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐   No ☑

    Result:

    Date of result:

    As to any *second* petition, application or motion, give the same information:

    Name of Court: US Clemmency

    Nature of proceeding:

    > Filed a petition for Clemmency - which is pending and I will withdraw if needed to proceed with this motion.

    Grounds raised:

    > Same as this motion and including my history & the fact that they used ghost dope and informants with reason to lie

    Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐   No ☑

    Result:

    Date of result:

A.  Ground One:

my attorney failed to communicate important informati about my PSR,

Supporting FACTS (tell your story briefly without citing cases or law):

He failed to include the names of persons it said I sold drugs to. Two of those individuals had already said they would not agree to that because it was a lie. One was never indicted. The person (Jade Kuhn) would said this had a personal vendetta against me & said she would pay me back for evicting her. Mr. Varghese never explained the point system & how that worked

B.  Ground Two:

Mr. Varghese failed to object to the 453 grams for proper grounds. He knew the history & reason yet said it was because Miss Kuhn was a know felon & failed to present all the things stated above. He also said if the objection was overuled we would appeal & he did not.

Supporting FACTS (tell your story briefly without citing cases or law):

I have over 220 emails between he & I. I was clear about the relationship between Kuhn and I. He knew she had a vendetta against me and that Phillips & Douglas would agree to that. Then he failed to appeal this, as he told me he would.

C.  Ground Three:

Although he states in his Anders Brief that the objection to the importation points was won, the PSR was never corrected.

Supporting FACTS (tell your story briefly without citing cases or law):

You can read the Anders Brief & I have emails to support this.

D. Ground Four:

> He failed to communicate or meet me about the appeal as promised. He failed to provide me with the additional conditions of supervised release from 6/10/20.

Supporting FACTS (tell your story briefly without citing cases or law):

> I emailed him on 6-10, 6-11, 6-12, and he never communicated back to me regarding the additional terms of release or my desire to meet about the appeal.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☒   No ☐   Clemency Petition

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing:

> ~~Is None~~ Benson Varghese
> 300 Throckmorton Suite 1650
> Fort Worth, TX 76102

E. <u>Ground 5</u>

He filed an Anders Brief on 9/8/20, but did not even request to see the sealed documents, until 1-21-21. He did not respond to any of my letters on 1-25-21, 2-5-21, 3-3-21, regarding the appeal or why he did this. He never sent or responded about the transcripts.

(b) At arraignment and plea:

Benson Varghese

(c) At trial:

(d) At sentencing:

Benson Varghese

(e) On appeal

Benson Varghese

(f) In any post-conviction proceeding:

(g) On appeal from any adverse ruling in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

    Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ☐   No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    Northern District of Texas

    (b) And give date and length of sentence to be served in the future:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Yes ☐   No ☒

    Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

    Signature

    Firm Name (if any)

    PO Box 27137
    Address  FMC Conswell
    Fort Worth, TX, 76127
    City, State & Zip Code

    Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 12-19-21 (date).

Signature of Movant

Memorandum

From: Judith Codd Calzadilla
59207177

To: Northern District of Texas

Regarding Case No: 4:19-CR-302-P

Motion Under 28 USC 2255

It was not until after the defendant (Calzadilla) was incarcerated at FMC Carswell, that she actually saw her PSR, and was made aware of the errors in the report and in her attorney Benson Varghese performance on her behalf. On Jan. 7, 2020, Mr Varghese notified me by email (exhibit) that he got my PSR and I could come view it, or he could give me a summary over email. Because I reside in Oklahoma, it was not possible for me to come to Texas without loosing my job, so I asked for a summary (exhibit). His response said that based on their calculations, my sentence should be 97 to 121 months. My response was one of confusion, and I asked how that could be, when my plea said 0 to 48 months? As you can see on the email, he never says anything about the points used to determine sentencing guidelines. He only talks about drug quantity. The first item from 2015 was too old so it was automaticly not used. Then there was this

The next item, 458.6 grams used against me has several problems. It was the only objection not allowed and coincidentaly was almost the exact number needed to get me over 500 grams. The informant Jade Kuhn, claims I sold that amount to Wiley Phillips, Crystal Douglas, and Larry McClung. Larry McClung was never indicted to confirm this and my attorney was very well aware that both Phillips and Douglas admit to thier part but swear I was not a part of it and that it is not true. They both wrote and will write again that the only reason Kuhn said this was because she hates me and had a vendetta against me. She told them both that one day she would repay me for evicting her from a room she rented in my home once I suspected she was selling drugs.

  If you look at his email to me, he never mentions Phillips, Douglas or McClung. Then Varghese failed to mention all those facts along with the fact that any "reasonable" adult human being, could see that based on the

amount of credit she got off her sentence, the number of people she gave information on, the lengthy criminal history she has, that includes providing information to save herself years of incarceration, and the fact that she hates me so much, would show it is reasonable to believe she lied. Definately she is not more trustworthy than myself and 2 other fellows.

* He also tells me we will appeal if the Judge doesnt allow my objection, YET HE DID NOT APPEAL! * He files an Anders Brief instead, and never responds to my letters.

The next issue is that he says via email and on the Anders Brief that probation accepted the objection to the enhancement for drug importation, yet it was still on my PSR at sentencing. I wrote Mr. Varghese and the court about this because, now it is keeping me from the camp. Those 2 points alone, are still hindering me. Nobody responded. not the court or the attorney.

Removing the Importation Enhancement and 453.6 grams given by a witness whom I've already shown had every incentive to lie, takes me from 27 points to 14 points. Even if the Judge took back the acceptance of Responsibility points, I would be a 17. That changes my sentencing range from 97 to 121 months to 27 to 33 months. If the Judge did not take back those points, I would be at a 14, with a guideline of 18-24 months.

At this time, I have already served 18 months.

The next issue is the handling of my appeal. I am including just a few emails where I ask Mr. Varghese to meet regarding an appeal, and where he agrees to contact me once he gets the transcripts, yet he never does. He files the Ander Brief on Sept 8, 2020, then on January 21, 2021, I am notified by the court that he has requested to view my sealed documents. I wrote him asking him to let me know what if any information

came from these documents, and asked why he was now doing this 4 months after filing the Anders Brief. He never responded to any of my letters dated Jan. 25, 2021, Feb. 5, 2021 and March 3, 2021. I wrote the Court on Jan 27, 2021, and Feb. 25, 2021, asking them to intervene and got no response. So, I was never able to file an appeal because my attorney was non responsive, the Court ignored my plea for intervention and I was stuck during COVID, with no access to assistance.

The last issue I would like to bring to attention, is that after I left sentencing, I realized that I did not know what my terms of supervised release were. I emailed my attorney on June 10, 11, 12th asking for instruction. He told me just do what I was doing + said I signed something at court. I had no memory of this. I found out 6 months later there was on my docket report "Aditional Terms of Supervised Released" filed on June 10, 2020, although he claimed the court kept the copies. I had no knowledge of any of this and

was picked up 2 weeks prior to my self surrender date, and to this day I'm not sure what my violation was to begin with.

Based on all this the remedy I am seeking is immediate release, without supervision. Had my sentencing guidelines been correct, even with the max dates, I would have already been out of prison and close to complete with supervised release. Covid and my attorney caused a long delay in my ability to seek my remedy through appeal and now this 2255. I have over 200 emails between Mr. Varghese & I that will verify my claims. I am including a few exhibits with this memorandum. Once my sentencing guidelines can be corrected, or if they are, then I ask the court to reconsider my Request for Downward Departure, filed prior to sentencing. as of

Respectfully,
Judith Colgadella
59207-177
Dec. 27. 2021

Exhibit I

## PSR

A Conversation Between: You Bresha Shepherd (Staff) Judith Calzadilla (Client)

Case: United States vs. Judith Calzadilla - Edit Case

Judith Calzadilla is unable to login to MyCase, and will not be notified of any new replies you post on this message.

**Benson Varghese (Attorney)** — Jan 07, 9:28am

Good morning,

I received the presentence investigation report back. Although I am not allowed to give it to you, you are allowed to come by and review it.

I can also give you a short summary of what it says if you'd prefer.

Let me know how those letters are coming along. I am working on a sentencing memo based on everything we've talked about so far.

**Judith Calzadilla (Client)** — Jan 07, 9:43am

You can give me an overview. It would be impossible to get there anytime soon. I need to know where the letters should be sent since hardly anyone is close by. I gave the 30th as a date to people.

**Benson Varghese (Attorney)** — Jan 07, 7:45pm

I'll cut right to the part most people want to know. Based on their calculation your sentence should be 97 to 121 months, but you have a statutory maximum of 48 months so the PSR calls for a 48 month sentence.

My focus is going to be on arguing to the judge just the opposite that based on your voluntary departure from a life of drug abuse and crime and your considerate past and present heath issues as well as your background you should be given probation not a federal sentence.

So the government and I are arguing at opposite ends of the spectrum. I've also reached out to let the agents know again that you are willing to provide any assistance possible.



These are the Emails regarding m PSI. As you can see, he nevers says anything about points or how they are relevant; he doe not include nam Phillips, Douglas or McClung.

He states that we will appeal if the objection to the 453.6 grams fror 2016 is allowed yet he never does

**Benson Varghese (Attorney)** — Jan 16, 4:15pm

Right off the bat, I want to reiterate that regardless of what their numbers are, the judge cannot impose a sentence greater than 48 months.

They still get to argue your sentence should have been much higher, and we get to argue it should be far lower and in fact should be probation.

The stage we are at is simply to make objections. At a later date I will submit a motion for downward variance asking for probation. After that we will submit any letters or other materials we want to.

Ideally I'd like for you to come down and review the PSR in person.

I have been working on the objections. The reason the recommended guideline range is so high is they use the base level offense for what the underlying case is – the conspiracy case – and go from there.

In terms of drug quantity, this is the summary

- Activity in 2015 amounting to 623.7 grams - kept out to age of that allegation

- Activity in 2016, which I've discussed previously as claims that you were supplied 2-4 ounces of methamphetamine once a week for 3 months and then redistributed that. They could have calculated that as 48 ounces twice, or 1360 grams twice = 2.72 kilos. Instead they went with the lower estimate and came up with 453.6 grams. I am objecting to this as it comes from statements of individuals charged or unindicted in a conspiracy who have a motivation to fabricate and most of whom have pled guilty to felonies, particularly Kuhn. The judge may not rule in our favor on that, but at least we lodged the objection and it gives us a basis for appeal should you need one. He could grant our objection as well.

- Activity in 2017 - the use of the cell phone for 56.7 grams (2 ounces). We are not objecting to that. That's what you pled to.

- The activity of 10 ounces at an unknown date from the box that fell off Philips truck - we are objecting to that as having no indication that you knew what was in that box and they haven't specified a date.

They enhanced the offense 2 levels because the methamphetamine was pure indicating it could have been imported. We are objecting to that for lack of knowledge even to this day where Kuhn may have gotten her drugs from.

→ The Anders Brief said the objection was accepted, yet it was still on PSR at sentencing + now

So we're objecting to everything other than the amount that was the basis for your plea.

Texas in violation of 21 USC §§ 843, 846.[5]

Appellant ultimately pled only to the Amended Superseding Information for Use of a Communication Facility in Causing or Facilitating the Commission of a Felony Under the Controlled Substance Act.[6] On November 13, 2019, Appellant appeared before the court for re-arraignment and was represented by her counsel, Benson Varghese.[7] At the re-arraignment hearing, after being fully advised of her rights[8] and informed of the penalty range, the Appellant pled guilty without a plea agreement.[9]

Appellant received a copy of the Presentence Report (PSR) in a timely manner and had the opportunity to review it with counsel.[10] Appellant's counsel filed three objections to the PSR.[11] The first and third objections were accepted by probation.[12] The second objection was overruled, resulting in the only adverse ruling against Appellant.[13]

[handwritten margin note: This is the order to the brief page brief objection about objec...]

2

**Judith Calzadilla (Client)**
Any chance that you can send me a copy of that thing I signed saying that because I don't remember anything pretty much once he

*[handwritten: This email asking about the additional terms of supervised release]*

**Benson Varghese (Attorney)** — Jun 22, 9:46am
The court retained the signed copy, but the conditions of continued will be in the transcript that I've ordered and will get you

**Judith Calzadilla (Client)** — Jun 11, 8:16am
Please let me know if I need to come to town to work on this appeal with you. As I said yesterday I could have understood if I got a year too but to get for and get no credit for anything good I've done it's too much Somehow there's got to be a way that I can appeal the fact that we walked in the door and he has said immediately not to argue too much with me because I got in such a good deal. I was told all along that in sentencing I would get to present the things that I would have brought to trial in my defense. His excuse was covid but either he is not being honest or he never heard any of the statements I had about Jade. For 1 the nature of our relationship in the reasons she would have to lie about me. To that she's already done State time seven years in the Fed was on Parole with the feds got busted and stayed again was on the run with them and then got picked up the kilos of dope and GHB and whatever else. She turned in 47 names and now she only has a 10 year sentence. She had every reason to lie and her boyfriend saying that they made GHB at my house well I was never aware of it and then Court doesn't know that because I was trying to throw her out as we know and she wouldn't leave. The statements Lance Harvey made can't be true because Jade was in prison before I went to Oklahoma. I didn't get to say any of that to the judge. It's not my fault that it was covid-19 and I don't feel like I got a fair shot at it nobody does in my friends aren't trash you met them. Just the disrespect he paid them Lee and couldn't even do her statement properly because he wasn't even looking at her it was very unfortunate. Anyway if I need to come there to be more involved in this than I will just let me know

*[handwritten: I'm asking to meet about appeal & reasons for appeal. He doesn't respond]*

the way the system works.

**Judith Calzadilla (Client)** — Jun 12,
If you could send me copies of those transcripts when they come in that would be great I'm not sure what you based my Appeal how that works but I would like to know

*[handwritten: Requesting info for appeal.]*

**Judith Calzadilla (Client)**

**Judith Calzadilla (Client)** — Jun 11, 5:15pm
I have not heard from anyone from probation today and everything after the 48 months is a blur to me yesterday so I don't know what I'm supposed to be doing right now until July 14th

*[handwritten: asking about additional term of release. I never got an answer]*

**Benson Varghese (Attorney)** — Jun 12, 10:21am
Good morning,
Your notice of appeal has been filed and the transcripts are being ordered today for the appeal.

You should reach out to your probation officer, just so you stay in touch with them and continue to abide by all the conditions of your release. If the officer has changed, they will let you know. Be sure to keep records of the calls you make.

I agree with you that the federal system is very unfair. I also have no doubt that if you had not pled to this lower offense, this judge would have given you a trial you didn't think was fair and a much higher sentence that what he referenced multiple times during sentencing. That's the reality of the federal system. He very clearly expressed that he was not happy that you were capped at 48 months. If it were up to him, the sentence would have been much higher.

In terms of factors that may affect your sentence:

1. Good Time Credit
If you follow the rules and stay out of trouble while in custody, generally speaking you will get good time credit. This is up to 15% of the applicable time.

2. Residential Drug Abuse Program
While you have been drug free for a long time, if you are admitted into RDAP, that could reduce your time.

3. Release to a halfway house
An inmate is eligible for a halfway house with 10% remaining on their sentence or 6 months in the case that 10% is greater than 6 months. Halfway house time is based on actual time served, not on the total duration of the sentence. Once an inmate becomes eligible for a halfway house, he or she is in no way guaranteed immediate placement. However, especially on sentences of over 12 months, some halfway house time can be expected.

While this goes beyond what the court has authorized me to represent you on, I will give you some general information about the First Step Act.

First the charge you pled to is not excluded from the First Step Act. Second, you will got through a risk and needs assessment through the BOP. Based on that assessment, they can put you into programs and activities. These in turn can assist you in getting phone and visitation privileges, transfer closer to home, and Earned Time Credits.

Earned time credits are 10 days credit for every 30 days of successful participation in programs and activities. Depending on your assessment and risk level, you may be able to use these credits to get home confinement or supervised release in lieu of incarceration. These generally come up towards the end of your sentence. Supervised release through earned time credits, for instance, cannot be more than a 12-month credit.

From a practical standpoint, you will need to wait until you are in custody and your assessment has been completed to know what programs and activities are being recommended that could shave time of your sentence.

One of the matters they should cover with you during the assessment for placement is who the co-defendants are and concerns you may have. I would express your desire not to be around co-defendant to them.

I will be in touch once we have the transcripts.

*[handwritten: Says he will be in touch about transcripts]*


**Judith Calzadilla (Client)**  Oct 09, 2019 - 1:07pm
I have a disc of my medical records and then I'll have to pull together the ones that I have going on now do you want me to wait to give you the list of witnesses and all the circumstances until they indict me and I have to come to court or do you want me to send those ahead of time


**Judith Calzadilla (Client)**  Oct 09, 2019 - 1:25pm
I just got a call back from Cody coders office. they said that he got my message and he cannot speak to me since I'm on the indictment but that he has not received a single message from you and then he'd be more than happy to return your call if you called him today.I think that's enough for me right there I don't think you need to be my attorney and I'm working today but I'm going to call the court clerk tomorrow and see what I can do to kind of resolve this situation


**Judith Calzadilla (Client)**  Oct 17, 2019 - 5:31pm
Also Crystal Douglas mom called me and as far as I was told and she was told it wasn't a problem for me to talk to her because Crystal and I were not co-dependents we just couldn't discuss Wiley which we did not. anyway she said that Crystal was extremely distraught because she had gotten wind that somehow the government was using something she said against me. her mother says she's completely adamant that when she spoke to them and they pressed her about me that they were twisting things and she was tired etc and that if she said that I might have ever bought drugs from Miley did it was in a long-term reference she said that she said maybe at one time years ago but that she would never say I was a drug distributor because I was not that I clearly was there to help with their kids whenever they saw me in the last 3 years etc etc. She is adamant that she will get on the stand and say all of that in the event that they try to prosecute me she said she's already signed her plea and it had nothing to do with that and she doesn't care anyway possibly when you view that additional Discovery or whatever tomorrow make a note of what goes on with her because I believe it


**Judith Calzadilla (Client)**  Oct 04, 2019 - 2:48pm
When do you think we will know something?


**Benson Varghese (Attorney)**  Oct 04, 2019 - 2:52pm
Probably next week.


**Judith Calzadilla (Client)**  Oct 05, 2019 - 4:48pm
I was contacted today by multiple people, who have been in contact with Wiley Phillips. They said that he now being clean and sober said that he has nothing left but his integrity and that he is told the prosecutors that he will sign a deal only if they take me off of it because I never have been a meth and feta mean distributor I merely was trying to take care of his kids and help him out. Can you please check into this?


**Benson Varghese (Attorney)**  Oct 06, 2019 - 9:46am
While Wiley doesn't have the leverage to do that, I have reached out to his attorney to see if there's anything he can tell me.

*Handwritten annotations:*
A few emails about Phillips & Douglas. On Oct 6 I asked him to contact Phillips attorney. He says he left messages yet on Oct 9, I called Phillips attorney & they said they never heard from him.

He did not even attempt to make the proper objection concerning them.



dith Cold Cadillac
59207-177  IN
FMC Carswell
PO Box 27137
ort Worth, TX 76127

⇨ 59207-177 ⇦
Usdistrict Court
501 W 10TH ST
FORT Worth, TX 76102
United States

JAN -?

← Legal Mail →